# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: May 10, 2018

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

TRACY KUNCA,                \*        No. 16-1237V

              \*

         Petitioner,       \*        Special Master Sanders

              \*

v.                     \*

              \*

SECRETARY OF HEALTH      \*        Attorneys' Fees and Costs; Reasonable

AND HUMAN SERVICES,       \*        Amount Requested

              \*

         Respondent.      \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

Nancy R. Meyers, Ward Black Law, Greensboro, NC, for Petitioner.
Adriana R. Teitel, United States Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On September 30, 2016, Tracy Kunca ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to -34 (2012). Petitioner alleged that the influenza ("flu") vaccine administered on October 7, 2013 significantly aggravated her pericarditis. Decision, ECF No. 22. On September 6, 2017, the undersigned issued a decision awarding Petitioner compensation pursuant to the parties' stipulation. *Id.*

On March 26, 2018, Petitioner submitted an application for attorneys' fees and costs. ECF No. 26. Petitioner requested $22,172.50 in attorneys' fees and $2,290.05 in costs, for a total of $24,462.55. *Id.* Petitioner's counsel requested an hourly rate of $375.00 for her work performed in the years 2015 through 2018. *See generally* ECF No. 26-2. Respondent submitted a Response to Petitioners' motion on April 5, 2018. ECF No. 27. Respondent indicated that "[t]o the extent

---

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

the Special Master is treating [P]etitioner's request for attorneys' fees and costs as a motion that requires a response from [R]espondent[,] . . . Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent recommended that the undersigned exercise her discretion and determine a reasonable award for attorneys' fees and costs. *Id.* at 3. Petitioner filed her Reply on April 9, 2018, wherein she "concur[red] with Respondent's recommendation that [the undersigned] exercise her discretion and determine a reasonable award . . . ." ECF No. 28

On May 7, 2018, Petitioner submitted an amended motion for attorneys' fees and costs. ECF No. 29. Petitioner's counsel reduced her fees request by $936.50 and explained that she lowered her hourly rate request to $350.00 for 2015 through 2017 to accord with recent decisions. *Id.* (citing *Lindman v. Sec'y of Health & Human Servs.*, No. 17-434V (Fed. Cl. Spec. Mstr. Apr. 24, 2018); *Martinec v. Sec'y of Health & Human Servs.*, No. 17-293V (Fed. Cl. Spec. Mstr. Apr. 25, 2018); *Vuinovic v. Sec'y of Health & Human Servs.*, No. 16-1312V (Fed. Cl. Spec. Mstr. Apr. 30, 2018)). Petitioner's counsel requested the same amount per hour for 2018 as in her previous motion. *Id.* The amended fees request amounted to $21,236.00. *Id.* Petitioner requested the same amount in costs for an amended total of $23,526.05. *Id.* Respondent submitted a nearly identical[3] response to this request on May 8, 2018; likewise, Petitioner filed an identical Reply[4] on the same date. ECF Nos. 30, 31.

The undersigned has reviewed the detailed records of time and expenses of Petitioner's counsel and finds that they are reasonable. In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned finds that Petitioner is entitled to attorneys' fees and costs. **Accordingly, the undersigned hereby awards the amount of $23,526.05,[5] in the form of a check made payable jointly to Petitioner and Petitioner's counsel, Nancy R. Meyers, of Ward Black Law**. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[6]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[3] The only difference found by the undersigned is the word "amended" in the first sentence of Respondent's second response. *Compare* ECF No. 27 *with* ECF No. 30.

[4] Petitioner's second Reply is wholly identical to her first. *Compare* ECF No. 28 *with* ECF No. 31.

[5] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[6] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).